```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
N. G.B., *individually and on behalf of* J.B., *a child with a*    :
*disability*,                                                      :
                                                                   :
                                       Plaintiff,                  :        21-cv-11211 (LJL)
                                                                   :
                   -v-                                             :        MEMORANDUM AND
                                                                   :              ORDER
NEW YORK CITY DEPARTMENT OF EDUCATION,                             :
                                                                   :
                                       Defendant.                  :
                                                                   :
-------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/31/2023

LEWIS J. LIMAN, United States District Judge:

Plaintiff N.G.B., individually and on behalf of J.B., a child with a disability ("Plaintiff"), moves for reconsideration of this Court's opinion and order of March 30, 2023, awarding Plaintiff attorneys' fees of $20,489.75 and costs of $409.50 under the Individuals with Disabilities Education Act ("IDEA") in light of the Second Circuit's decision in *H.C. v. New York City Dep't of Educ.*, 71 F.4th 120 (2d Cir. 2023). Dkt. No. 50. The motion is denied.

"A motion for reconsideration should be granted only if the movant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Spin Master Ltd. v. 158*, 2020 WL 5350541, at *1 (S.D.N.Y. Sept. 4, 2020) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)). Reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000). "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling

decisions or data that the court overlooked." *Sklowdowska-Grezak v. Stein*, 2017 WL 954606, at *1 (S.D.N.Y. Feb. 21, 2017) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). A motion for reconsideration "is not a 'vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.'" *Spin Master*, 2020 WL 5350541, at *1 (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)).

Plaintiff has not established that the Court overlooked any matter that might be expected to alter the outcome here. Plaintiff argues that the Court should reconsider its decision not to award Plaintiff prejudgment interest and not to apply an adjustment under the IDEA for circumstances where the State or local educational agency unreasonably protracted the final resolution of the action. Dkt. No. 50 at 1–2. Neither argument has merit. In *H.C.*, the Second Circuit cited this Court's prior decision in *M.H. v. N.Y.C. Dep't of Educ.*, 2021 WL 4804031, at *31 (S.D.N.Y. Oct. 13, 2021), for the proposition that "'delay[s] in payment' may be remedied by 'application of current rather than historic hourly rates.'" 71 F.4th at 128–29 (quoting *Missouri v. Jenkins ex rel. Agyei*, 491 U.S. 274, 284 (1989)). The Court here did precisely that— compensating Plaintiff for delays by using current rather than historic rates. *See N.G.B. v. New York City Dep't of Educ.*, 2023 WL 2711753, at *19 (S.D.N.Y. Mar. 30, 2023) ("Plaintiff is not entitled to prejudgment interest as the Court used current rates in calculating reasonable attorneys' fees"). As to Plaintiff's second point, although the Circuit Court indicated that the mandatory reductions in Subparagraph F of 20 U.S.C. § 1415(i)(3) would not apply when a local educational agency unreasonably protracts the final resolution by persisting when "there was absolutely no need to continue litigating,'" *H.C.*, 71 F.4th at 127 (quoting *Gary G. v. El Paso Indep. Sch. Dist.*, 632 F.3d 201, 211 (5th Cir. 2011)), it also held that the IDEA does not

authorize the district court to award more than a reasonable fee based on prevailing rates, *id.* at 128.  Plaintiff here did not argue that the Department of Education continued to litigate when there was absolutely no need to continue litigating nor did Plaintiff provide evidence that would support such a finding.  *See* Dkt. No. 17 at 4–8 (arguing that Department of Education wrongfully and unreasonably prolonged proceedings).  The Court awarded the highest fee that would be reasonable based on currently prevailing rates.

SO ORDERED.

Dated: July 31, 2023
      New York, New York

_____
LEWIS J. LIMAN
United States District Judge